IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIK IRMIGER,

Plaintiff,

v. No. 1:26-cv-00459-MLG-LF

ALBERTSONS COMPANIES, INC.,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on defendant Albertsons Companies, Inc.'s ("ACI") Motion to Set Aside Entry of Default (Doc. 10), filed June 29, 2026. Pro se plaintiff Erik Irmiger filed no response to the motion. On September 2, 2026, United States District Judge Matthew Garcia referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 17 at 1. Having reviewed the briefing, the law, and otherwise being fully advised, I recommend that the Court grant the motion.

**BACKGROUND**

On February 17, 2026, pro se plaintiff Erik Irmiger filed a complaint against ACI asserting violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Doc. 1. Mr. Irmiger alleges that for about four months, Albertsons Pharmacy sent him over fifty automated text messages regarding prescriptions belonging to Mr. Irmiger's girlfriend. *Id.* at 2. Mr. Irmiger alleges that he never provided his phone number to ACI for pharmacy communications and did not authorize ACI to associate his phone number with any prescriptions.

*Id.* Mr. Irmiger contends that he repeatedly requested that ACI remove his number from his girlfriend's account, but that he continued to receive the automated text messages. *Id.* Mr. Irmiger claims he is entitled to damages and injunctive relief for ACI's alleged violations of the TCPA. *Id.* at 3.

On May 14, 2026, Mr. Irmiger filed a proof of service wherein a process server, Stephanie Jurgensen, declared that she served a summons on "CT Corporation System, Registered Agent, who is designated by law to accept service of process on behalf of Albertsons Companies, Inc at 206 S Coronado Ave, Espanola, NM 87532 on 04/07/2026 at 2:20 PM." Doc. 6 at 1. The proof of service further states that the summons and complaint were delivered to "Judy Romero (Title: President & CEO)," who "was the authorized individual who accepted service." *Id.* On June 5, 2026, Mr. Irmiger filed a request for the Clerk of Court to enter default against ACI pursuant to Federal Rule of Civil Procedure 55(a). Doc. 7 at 1. On June 8, 2026, the Clerk of Court entered default against ACI pursuant to Rule 55(a). Doc. 8 at 1.

On June 29, 2026, ACI moved to enter a limited appearance in this case for purposes of moving to set aside the Clerk's Entry of Default. Doc. 9 at 1. ACI filed the present Motion to Set Aside Entry of Default that same day, Doc. 10, and the Court granted ACI's Motion for Limited Appearance on June 30, 2026, Doc. 12. To date, Mr. Irmiger has not filed a response to ACI's Motion to Set Aside Entry of Default.

In the motion, ACI asserts that it was never properly served. ACI states that the registered agent on Mr. Irmiger's proof of service, CT Corporation System, is not ACI's registered agent in New Mexico and that ACI is not registered to do business in New Mexico. Doc. 10 at 2; Doc. 10-1 ¶¶ 7–8. ACI states that CT Corporation System sent Mr. Irmiger a "Notice of Rejected Service of Process" on April 10, 2026, in which CT Corporation Systems

informed Mr. Irmiger that it is not a registered agent for ACI. Doc. 10 at 2. ACI attached a copy of the notice to its motion. Doc. 10-1 at 4. ACI states that it has never been served a copy of the summons or complaint under the methods prescribed by either the Federal Rules of Civil Procedure or the New Mexico Rules of Civil Procedure. Doc. 10 at 2–5. In support of its contentions, ACI provided the declaration of Leigh Gilliam, a paralegal with an affiliate of ACI who has "personal knowledge of ACI's business operations and its registered agents, and the states wherein ACI is registered to do business." Doc. 10-1 ¶ 4.

## ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). But the Court may set aside an entry of default for good cause. FED. R. CIV. P. 55(c). "The good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)).

Good cause exists to set aside a clerk's entry of default where the defendant was not properly served at the time default was entered. Entry of default against a defendant before it had any obligation to file an answer is incorrect as a matter of law. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). "Absent waiver of service, a defendant has no duty to answer until properly served," and "entry of default prior to service would [be] improper." *Cox v. Armstrong*, No. 24-4070, 2024 WL 5002617, at *3 (10th Cir. Dec. 6, 2024); *see also Castillo v. United States*, No. 1:25-cv-00628-LF-JFR, 2025 WL 3551847, at *1 (D.N.M. Dec. 11, 2025) ("[I]t is

axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.") (quoting *Dewey v. City of Topeka*, No. 97–4037–SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997)).

"Valid service of process is a prerequisite to a federal court's assertion of personal jurisdiction over a defendant." *Khalsa v. U.S. Bank, N.A.*, No. 1:15-cv-01010-WJ-KBM, 2016 WL 8914538, at *2 (D.N.M. Apr. 6, 2016). The plaintiff bears the burden of establishing the validity of service of process. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). Federal Rule of Civil Procedure 4 governs service of process on a corporation, and provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). Alternatively, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P. 4(h)(1)(A). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). New Mexico state law provides that service upon a corporation may be made "by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process." N.M.R.A. 1-004(G)(1)(a). If one of those agents is unavailable, "service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge." N.M.R.A. 1-004(G)(2).

The proof of service that Mr. Irmiger filed on May 14, 2026, states that the summons was served on CT Corporation System, Registered Agent, whom the process server stated "is

designated by law to accept service of process on behalf of [ACI]," on April 7, 2026. Doc. 6 at 1. The proof of service further states that the summons and complaint were delivered to "Judy Romero (Title: President & CEO)," who "was the authorized individual who accepted service." *Id.* ACI has provided an affidavit in which the affiant states that "ACI is not registered to do business in the State of New Mexico" and that "CT Corporation System is not ACI's registered agent in the State of New Mexico." Doc. 10-1 ¶¶ 7–8. A search for "Albertsons Companies, Inc." on the New Mexico Secretary of State's website returns no results. Business Search, N.M. Sec'y of State, https://enterprise.sos.nm.gov/search/business (last visited Sept. 24, 2026); *see Joe Hand Promotions, Inc. v. Serna*, No. 1:17-cv-00928-JCH-SCY, 2018 WL 4491171, at *2 (D.N.M. Sept. 19, 2018) (noting the registered agent listed for a business on the website of the New Mexico Secretary of State). ACI has produced a "Notice of Rejected Service of Process" that CT Corporation System sent to Mr. Irmiger on April 10, 2026, wherein it stated "we are not the registered agent for the party you are attempting to serve." Doc. 10-1 at 4. ACI's affiant further states that ACI has not been served by the methods prescribed by the Federal Rules of Civil Procedure. Doc. 10-1 ¶¶ 9–11.

Mr. Irmiger bears the burden of establishing the validity of service of process. *See Oaklawn Apartments*, 959 F.2d at 174. To date, Mr. Irmiger has not responded to ACI's assertions that service of process was not valid, nor has he responded to ACI's motion to set aside the Clerk's Entry of Default. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Mr. Irmiger thus has not met his burden of establishing that ACI was validly served at the time the Clerk entered default. The Clerk's Entry of Default is

therefore void and must be set aside. *Cox*, 2024 WL 5002617, at *3; *Castillo*, 2025 WL 3551847, at *1.

## CONCLUSION

For the foregoing reasons, I recommend that ACI's Motion to Set Aside Entry of Default (Doc. 10) be granted. Valid service of process is a prerequisite to an entry of default, and Mr. Irmiger has not met his burden of proving that service upon ACI was valid. The Clerk's Entry of Default, filed June 8, 2026, is therefore void. If the Court adopts my recommendation, I will enter an order setting a deadline by which Mr. Irmiger must properly serve ACI or face a recommendation of dismissal of this action without prejudice. *See Khalsa*, 2016 WL 8914538, at *5 (ordering same).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge